# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>PAULINA HERNANDEZ,<br><br>        Defendant. | Case No. 2:23-cr-00113-CDS-NJK<br><br>ORDER<br><br>(Docket No. 197) |

Pending before the Court is Defendant's motion for return of property. Docket No. 197. The Court has considered Defendant's motion and the United States' response. Docket Nos. 197, 204. No reply is needed. For the reasons stated below, the Court **GRANTS** the motion.

Defendant submits that, on June 20, 2023, she was arrested pursuant to a warrant and law enforcement seized her cell phone. Docket No. 197 at 2. Defendant's attorney requested the return of her phone as early as June 27, 2023, because she needed it for work. *Id*. The assigned AUSA, Joshua Brister, said the phone would not be returned, as the United States was in the process of applying for a search warrant for it. *Id*. On November 25, 2024, Defendant's attorney again requested the return of Defendant's cell phone; in response, the AUSA confirmed that Defendant's cell phone was not one of the targeted lines relating to the wire intercept, but Defendant's motion is silent as to any reason the United States gave for not returning the phone at that time. *Id*. On December 11, 2024, Defendant's attorney again requested return of the phone and was again denied. *Id*. The discovery materials provided to Defendant by the United States do not contain an application for a search warrant for her phone. *Id*.

Defendant filed her motion for return of property on December 23, 2004; therefore, the United States' response was due no later than January 6, 2025. *See* Docket. On December 27, 2024, the parties filed a stipulation to extend the United States' response deadline to January 17, 2025. Docket No. 198. The parties represented that, on December 26, 2024, the United States agreed to return the cell phone to Defendant, and that the return was "expected to occur" during the week of January 6, 2025. *Id*. at 1. The Court granted the parties' stipulation and extended the United States' response deadline to January 17, 2025. Docket No. 199. Nonetheless, the United States failed to comply. *See* Docket.

On January 21, 2025, in an effort to determine whether Defendant's cell phone had been returned as represented by the United States, the Court ordered the United States to file its response to Defendant's motion no later than January 22, 2025. Docket No. 203. The United States filed its response later that day. Docket No. 204. The response is deficient in several respects. *Id*.

As a threshold matter, the Court notes that the response contains no points and authorities. *See* Docket No. 204. "The failure of an opposing party to include points and authorities in response to any motion constitutes a consent to granting the motion." LCR 47-3. Additionally, the response demonstrates that AUSA Brister engaged in virtually no effort to return the cell phone that the United States had held for what appears to be no reason for 18 months. Docket No. 204. AUSA Brister represents that, on December 26, 2024, he informed defense counsel that he planned to return the cell phone; however, "the case agent was unavailable to return" the cell phone "at that time due to the holidays." *Id*. at 1. AUSA Brister then represents that, on January 7, 2025, the case agent confirmed that the phone was in the DEA's local evidence room, but asked to schedule the return of the phone for the following week since most of his group "was out of the office that week." *Id*. AUSA Brister further represents that, eight days later on January 15, 2025, he put

Defendant's attorney in contact with the case agent and that, as of the time he wrote the response, on "information and belief," the cell phone is "available for pickup from the case agent" at DEA. *Id*. at 1-2.

AUSA Brister's lackadaisical attitude toward the return of property that the United States has held for over a year and a half for no reason that the Court can discern would be troubling under any circumstance. This Court, however, has already expressed grave concerns about AUSA Brister's actions regarding return of property to a defendant in an entirely separate case. *See United States v. Alejo-Hernandez*, 2:22-cr-106-APG-NJK, Docket No. 61 (August 5, 2022).[1]

"[T]he ethical bar is set higher for the prosecutor than for the criminal defense lawyer - a proposition that has been clear for at least seven decades …" *United States v. Weatherspoon*, 410 F.3d 1142, 1148 (9th Cir. 2005). "The [prosecutor] is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done." *Berger v. United States*, 295 U.S. 78, 88 (1935) (overruled on other grounds by *Stirone v. United States*, 361 U.S. 212 (1960)). The prosecutor's duty to seek the truth and vindicate the demands of justice distinguishes his role from that of ordinary trial counsel. As the United States' representative, the prosecutor may not assume "the

---

[1] In that case, AUSA Brister also made the representation to the Court that he could not return the property earlier due to the fact that the DEA case agent was away from the office for a period of time. The Court stated that it was "not persuaded in any way by AUSA Brister's representation regarding the case agent's physical location during the relevant period of time. The Court takes judicial notice that the Drug Enforcement Administration has numerous agents in Las Vegas at all times…" *Alejo-Hernandez*, 2:22-cr-106-APG-NJK, Docket No. 61 at 3 n.3. Nonetheless, AUSA Brister uses the same excuse in this case for his failure to timely return Defendant's cell phone. The Court finds his representation disconcerting.

role of an architect of a proceeding that does not comport with standards of justice." *Brady v. Maryland*, 373 U.S. 83, 88 (1963).

A person aggrieved by the deprivation of property may move for the property's return. Fed.R.Crim.P. 41(g). A defendant's "Rule 41(g) motion should presumptively be granted if the government no longer needs the property for evidence." *United States v. Kriesel*, 720 F.3d 1137, 1144 (9th Cir. 2013) (internal quotation marks and citation omitted). The United States can rebut the presumption that property ought to be returned by proving a "legitimate reason" for retaining the property that is "reasonable [ ] under all of the circumstances." *Id*. at 1145; *see also United States v. Kaczynski*, 416 F.3d 971, 974 (9th Cir.2005) ("[T]he government has the burden of showing that it has a legitimate reason to retain the property" (quotation marks omitted)); *Ramsden v. United States*, 2 F.3d 322, 326 (9th Cir.1993) ("reasonableness under all of the circumstances must be the test when a person seeks to obtain the return of property" (internal quotation marks and citation omitted)).

AUSA Brister did not comply with his obligations. The Court therefore **ADMONISHES** him. Further, the Court **GRANTS** Defendant's motion. Docket No. 197. The Court **ORDERS** the United States to return Defendant's cell phone to her attorney no later than **5:00 p.m.** today, **January 22, 2025**. The Court further **ORDERS** AUSA Brister to file notice on the docket, no later than **10:00 a.m.** tomorrow, **January 23, 2025**, that he has complied in full with this order.

IT IS SO ORDERED.

DATED: January 22, 2025.

NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE