**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| United States of America, | Case No. 2:23-cr-00113-CDS-NJK |
| Plaintiff, | Order |
| v. | [Docket No. 324] |
| Paulina Hernandez, | |
| Defendant. | |

Pending before the Court is the Government's motion to strike and for the undersigned's recusal. Docket No. 324. A response was filed. Docket No. 328. No reply was filed.

## I.    BACKGROUND

On January 22, 2025, the Court granted Defendant Paulina Hernandez's motion for return of property. Docket No. 205. The Court therein expressed concern as to the conduct of the assigned Assistant United States Attorney (AUSA) as it pertained to the matters at issue in the motion practice. *See id.* The Government did not object to that order. On November 19, 2025, the Government filed the instant motion seeking to strike that order and seeking the undersigned's recusal from this case and all cases handled by this AUSA. Docket No. 324. That is the matter currently before the Court. The Court will address the two requests in turn below.

## II.    MOTION TO STRIKE

The Government asks that the Court strike its prior order on the grounds that "(1) the admonishment was attorney discipline that exceeded the authority of a magistrate judge to

1 administer; and (2) the discipline was clearly erroneous, lacked merit, and issued in violation of
2 the due process rights of the affected AUSA."  Docket No. 324 at 1.

3        Litigants who contend that a magistrate judge erred in an order may (1) file objections
4 seeking district judge review or (2) file a motion for the magistrate judge herself to reconsider the
5 order.  *See* Local Rule IB 3-1(a); Local Rule 59-1(a).[1]  Likewise, litigants who contend that a
6 magistrate judge resolved a matter beyond her authority may (1) file objections seeking district
7 judge review raising that issue or (2) file a motion for the magistrate judge herself to reconsider
8 the order.  *See, e.g.*, *Florence v. Stanback*, 607 F. Supp. 2d 1119, 1122 (C.D. Cal. 2009).
9 Regardless of whether filing objections or a motion or reconsideration, a litigant must seek relief
10 in prompt fashion.  Objections must be filed within 14 days.  *See* Local Rule IB 3-1(a) (orders);
11 *see also* Local Rule IB 3-2(a) (reports and recommendations).  Motions for reconsideration must
12 be filed within a reasonable time.  *See* Local Rule 59-1(c).  While the rules do not identify an exact
13 timeframe for seeking reconsideration, judges routinely find that waiting months to file such
14 motion renders it untimely.  *See, e.g.*, *United States v. Smith*, Case No. 2:21-cr-00279-CDS-EJY,
15 2025 WL 2388438, at *1 (D. Nev. Aug. 15, 2025) (finding untimely motion for reconsideration
16 filed four months after issuance of underlying order); *Motogolf.com, LLC v. Top Shelf Golf, LLC*,
17 Case No. 2:20-cv-00674-APG-EJY, 2022 WL 834790, at  *3 n.3 (D. Nev. Mar. 21, 2022) (same);
18 *Garcia v. Serv. Emps. Int'l Union*, Case No. 2:17-cv-01340-APG-NJK, 2019 WL 8750274, at *2
19 (D. Nev. May 23, 2019) (same).  The untimeliness of a motion for reconsideration is sufficient on
20 its own to warrant denial.  *See* Local Rule 59-1(c); *see also, e.g.*, *United States v. Arciero*, Case
21 No. 21-10177, 2021 WL 5986873, at *1 (9th Cir. 2021) (memorandum disposition) (affirming
22
23

---

[1] Motions for reconsideration in criminal cases are governed by the rules for equivalent motions in civil cases. *United States v. Rojas-Osorio*, 381 F. Supp. 3d 1216, 1224 (N.D. Cal. 2019).

denial of reconsideration as untimely where the motion was filed more than two months after entry of subject orders).  In short, "[a] litigant may not sleep on [its] rights and decide, well after the deadline to challenge the order in any way, to raise a belated challenge to a [magistrate judge's] order." *Florence*, 607 F. Supp. 2d at 1121.

The instant motion to strike is effectively a motion for reconsideration[2] and was filed roughly ten months after issuance of the subject order. *Compare* Docket No. 205 (order issued on January 22, 2025) *with* Docket No. 324 (motion filed on November 19, 2025).  The motion does not include any explanation for the delay and the motion is plainly untimely pursuant to the governing rules and the case law addressed above.

Nonetheless, the Government states that the governing time limits do not apply to its motion.  For example, the Government states that it may challenge at any time a magistrate judge's "jurisdiction" to issue an order.  *See* Docket No. 324 at 1-2.[3]  No legal authority is cited for this

---

[2] The motion references striking or vacating the earlier order, *see, e.g.*, Docket No. 324 at 1, but it does not identify any rule or legal authority authorizing that particular relief, nor does it identify the standards that would apply in deciding whether to afford that relief.  The motion also does not identify the rules and standards for reconsideration, nor does it identify the rules and standards for objecting to the district judge.  Putting the cart before the horse, the motion's legal arguments focus on the Government's contentions of error in the prior order. *See, e.g., id.* at 8-9.  Having not identified the procedural mechanism by which relief is sought, the Court construes the motion as seeking reconsideration from the undersigned pursuant to Local Rule 59-1.

[3] The Government also states that it may seek relief now because a magistrate judge's order is "reviewable by the district [judge] at any time." Docket No. 324 at 2.  No legal authority is cited for this contention.  Moreover, the motion fails to show that the time limits established by rule should be eviscerated because the assigned district judge could have (but did not) review the subject order *sua sponte*.

3

contention.[4]  Even considering the challenge to the undersigned's authority, however, the Court is not persuaded by the Government's arguments.  For example, the motion seems to argue that magistrate judges lack the authority to impose sanctions.  *See, e.g.*, Docket No. 324 at 8.  The motion relies on case law regarding contempt sanctions, which are governed by unique statutory provisions as to magistrate judge authority.  28 U.S.C. § 636(e).  The undersigned did not hold the AUSA in contempt, however, so such authority does not apply here.

The local rules authorize magistrate judges to decide any pretrial matter that is not specifically excluded as an exception to magistrate judge authority.  *See* Local Rule IB 1-3; *see also* 28 U.S.C. § 636(b)(1)(A) (providing that a district judge "may designate a magistrate judge to hear and determine any pretrial matter pending before the court" except as to enumerated motions not relevant here); Local Rule IB 1-1(a) (magistrate judges are authorized to exercise all powers and duties conferred by § 636(a)).[5]  Hence, a magistrate judge has the authority to resolve any pretrial matter "that does not dispose of a charge or defense."  Fed. R. Crim. P. 59(a).  It is well settled in the Ninth Circuit that magistrate judges are empowered to order significant, non-dispositive relief, including finding that an attorney has violated his obligations and imposing formal sanctions on that attorney.  *See Maisonville*, 902 F.2d at 747-48 (holding that magistrate judge was empowered to impose monetary sanctions upon finding attorney had violated Rule 11);

---

[4] The case law is murky with respect to framing a challenge to magistrate judge authority as "jurisdictional."  *Compare Maisonville v. F2 Am., Inc.*, 902 F.2d 746, 747 (9th Cir. 1990) (*sua sponte* addressing magistrate judge authority) *with Bastidas v. Chappell*, 791 F.3d 1155, 1162 (9th Cir. 2015) (addressing potential frustration of underlying purpose of Federal Magistrates Act and indicating that a failure to timely challenge a magistrate judge's authority may result in potential forfeiture in some instances).  Because the subject order was within the authority of a magistrate judge, the Court need not resolve whether the "jurisdictional" aspect of the Government's motion is timely.

[5] The local rules also authorize magistrate judges to perform all duties to the full extent allowed by the United States Constitution and federal statute.  *See* Local Rule IB 1-7(u).

4

*see also, e.g.*, *Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 240-41 (9th Cir. 1991) (holding that magistrate judge was empowered to impose $85,000 in proscriptive discovery sanctions); *Apple Inc. v. Samsung Elecs. Co.*, 888 F.Supp.2d 976, 988 (N.D. Cal. 2012) (holding that magistrate judge was empowered to impose inherent authority sanctions that did not dispose of a claim or defense); *United States v. Melton*, 948 F. Supp. 2d 998, 1001 (N.D. Iowa 2013) (collecting cases that "[a] motion to dismiss or disqualify counsel is a nondispositive matter" for magistrate judge authority purposes). The subject order resolving a motion to return property was not dispositive of a charge or defense. Moreover, the Court's expression of its concerns in the subject order does not approach the heft of the rulings that have been found specifically to be within a magistrate judge's authority. If a magistrate judge is authorized to impose Rule 11 sanctions, *Maisonville*, 902 F.2d at 747-48, a magistrate judge is certainly authorized to express concerns as to attorney conduct as it relates to the matter at hand. In short, the Court is not persuaded that the subject order exceeded a magistrate judge's authority.[6]

---

[6] Because the subject order was within a magistrate judge's authority and the motion to reconsider is otherwise untimely, the Court declines to resolve the Government's contentions of procedural and substantive error. Nonetheless, it is worth noting that "judicial candor is a trait strongly valued," *Williams v. United States*, 156 F.3d 86, 90-92 (1st Cir. 1998), and the Ninth Circuit has expressed a concomitant desire not to chill that candor unnecessarily, *see Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1199-1200 (9th Cir. 1999). These sentiments would seem all the more important with respect to prosecutors. *Cf. United States v. Weatherspoon*, 410 F.3d 1142, 1148 (9th Cir. 2005) (explaining higher ethical bar for prosecutors). The Government acknowledges that the subject order "does not state expressly that the admonishment was attorney discipline." Docket No. 324 at 10 n.7. The Government's contention that the subject order nonetheless purportedly crossed a line from stern words into a sanction or discipline (which was not intended by the undersigned) would not warrant the extraordinary relief of striking an order nearly a year after it was issued.

III.     **MOTION TO RECUSE**

A.     Standards

"It is well established in this circuit that a recusal motion must be made in a timely fashion." *United States v. Mikhel*, 889 F.3d 1003, 1026 (9th Cir. 2018) (quoting *E. & J. Gallo Winery v. Gallo Cattle Co.*, 967 F.2d 1280, 1295 (9th Cir. 1992)).  Recusal motions must "be filed with reasonable promptness after the ground for such a motion is ascertained."  *Mikhel*, 889 F.3d at 1026.  "While there appears to be no precise rule for determining the timeliness of a recusal motion, a delay of several months after discovering the grounds for recusal has been found to constitute untimeliness."  *Sanders v. Wong*, Case No. CV 96-07429 SGL, 2009 WL 10692804, at *3 (C.D. Cal. Oct. 20, 2009) (holding that motion to recuse was untimely when filed five months after alleged grounds were known); *see also, e.g.*, *Stuart v. City of Scottsdale*, Case No. CV-20-00755-PHX-JAT, 2021 WL 5779394, at *2 (D. Ariz. Nov. 8, 2021) (holding that delay of less than two months rendered motion to recuse untimely).  The untimeliness of recusal motion is sufficient on its own to warrant denial.  *See, e.g.*, *Davies v. C.I.R.*, 68 F.3d 1129, 1131 (9th Cir. 1995).

The typical standard for recusal is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned."  *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997) (quoting *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986)).  Ordinarily, any alleged bias must stem from an "extrajudicial source." *Liteky v. United States*, 510 U.S. 540, 554-56 (1994).  "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible."  *Id.* at 555.

1    In addition, "the federal recusal statutes, in all but the most extreme circumstances, require

2  a showing that the judge is (or appears to be) biased or prejudiced against a party, not counsel."

3  *Standing Committee on Discipline v. Yagman*, 55 F.3d 1430, 1444 (9th Cir. 1995); *see also United*

4  *States v. Burt*, 765 F.2d 1364, 1368 (9th Cir. 1985) ("Personal bias or a prejudiced attitude must

5  be against the party, not against the attorney for the party").  For bias against an attorney to be

6  imputed to a party, the Ninth Circuit "require[s] such virulent personal bias or prejudice against

7  the attorney as to amount to a bias against the party."  *United States v. Jacobs*, 855 F.2d 652, 656

8  n.2 (9th Cir. 1988).  Stated somewhat differently, the "bias [must] be so virulent . . . as to result in

9  material harm to [the party's case]."  *Burt*, 765 F.2d at 1368.

10    A motion to recuse is properly handled by the judge for whom recusal is sought.  *E.g.*,

11  *Studley*, 783 F.2d at 940 (citing *United States v. Azhocar*, 581 F.2d 735, 738 (9th Cir. 1978)).

12  When grounds for recusal are not established, judges have a duty to sit in the case.  *See Clemens*

13  *v. U.S. Dist. Ct. for Central Dist. of Cal.*, 428 F.3d 1175, 1179 (9th Cir. 2005) (quoting *Nichols v.*

14  *Alley*, 71 F.3d 347, 351 (10th Cir. 1995)); *see also United States v. Holland*, 519 F.3d 909, 912

15  (9th Cir. 2008).

16    B.    Analysis

17    The Government argues that the undersigned must recuse in this case and all others

18  involving the AUSA on the grounds that "it appears that the [undersigned] cannot remain fair and

19

20

21

22

23

impartial." Docket No. 324 at 17.[7]  The recusal request is predicated on the Government's contentions that the order issued in this case was erroneous, that the order criticized the AUSA by name, that the undersigned also expressed concerns in another case with the AUSA's handling of disputed property, and that the Government informed the undersigned previously that it declined to discipline the subject AUSA in relation to those concerns. *See id.* at 14-17.

The Government's motion to recuse is untimely and is properly denied on that basis.  As discussed above, the subject order issued roughly ten months before the motion to recuse was filed. *Compare* Docket No. 205 (order issued on January 22, 2025) *with* Docket No. 324 (motion filed on November 19, 2025).  The motion fails to explain why the Government did not seek recusal in prompt fashion during the intervening months.  Moreover, only weeks remain before the undersigned is set to hold an upcoming hearing on suppression issues, *see* Docket No. 318, specifically for which the Government now appears to seek recusal, *see* Docket No. 324 at 17 (arguing for recusal in light of the suppression matters pending before the undersigned).[8]  The motion to recuse is untimely and will be denied on that ground.

Even were the Court to consider the motion to recuse on its merits, it would be denied. Significantly, the Government's arguments involve opinions formed during judicial proceedings

---

[7] In seeking the undersigned's recusal, the Government does not cite to any legal authority of any kind regarding recusal.  *See* Docket No. 324 at 14-17.  While such shortcoming could in and of itself lead to denial of this request, *see* Local Criminal Rule 47-3, the Court will address the arguments raised through application of the governing law, *cf. Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1224 (9th Cir. 2000) (explaining that, even when the parties do not do so, the Court has a "duty to apply the correct legal standard").   The Court notes further that the motion is not supported by an affidavit. *But see* 28 U.S.C. § 144 (requiring "timely and sufficient affidavit"); *Davis v. Fendler*, 650 F.2d 1154, 1163 (9th Cir. 1981) ("The failure to follow these elementary procedural requirements defeats a charge of bias").

[8] Trial is set for February 23, 2026.  Docket No. 302 at 2.

and expressed in written orders.[9]  No extrajudicial source has been identified and the case law is clear that recusal is generally not warranted based on opinions formed from the current proceedings or from prior proceedings.  *Liteky*, 510 U.S. at 551, 54-56.  Also significantly, the Government is seeking recusal with respect to an attorney, not a party.  The subject order now challenged by the Government does not display "virulent personal bias or prejudice."  *Jacobs*, 855 F.2d at 656 n.2.  Indeed, the Supreme Court has held specifically that a judge's "admonishments" of counsel do not require recusal.  *Liteky*, 510 U.S. at 556; *see also id.* at 555 (explaining that "judicial remarks" made during court proceedings "that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge").[10]  Courts also routinely find that recusal is not warranted even in instances where a judge has sanctioned counsel or referred counsel to the bar.  *See, e.g.*, *Conklin v. Warrington Township*, 476 F. Supp. 2d 458, 464-65 (M.D. Penn. 2007) (collecting cases).  The order at issue here does not exhibit "virulent

---

[9] The motion indicates that the undersigned "caused [the subject order] to be published in the Westlaw reporter for others to read," Docket No. 324 at 11, and that "[j]udges need not issue separate orders to publish their orders but simply make their orders available to Westlaw knowing they will be published," *id.* at 2 n.1.  It is unclear what specific action it is that the Government is speculating the undersigned took in this regard.  The undersigned issues hundreds of orders each year, the vast majority of which must be accessible to the public.  *See Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 597 (1978).  The undersigned was not involved in Westlaw's decision to make this order available on its platform.

[10] The Supreme Court explained that admonishments of counsel do not require recusal even if they are made in error.  *See Liteky*, 510 U.S. at 556 (finding inadequate to require recusal "judicial rulings, routine trial administration efforts, and ordinary admonishments (*whether or not legally supportable*) to counsel and to witnesses" (emphasis added)).  The contentions that the undersigned erred are not adequate grounds for recusal.  *See, e.g.*, *F.J. Hanshaw Enterps., Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1145 (9th Cir. 2001) ("Judges are known to make procedural and even substantive errors on occasion. The errors alleged here would be the basis for appeal, not recusal").

personal bias or prejudice" against the subject AUSA. *See Jacobs*, 855 F.2d at 656 n.2.[11] Moreover, the Government has not shown that there is any material harm to its case. *See Burt*, 765 F.2d at 1368.[12]

## IV.    CONCLUSION

For the reasons discussed above, the Court **DENIES** the Government's motion to strike and for the undersigned's recusal.

IT IS SO ORDERED.

DATED: December 19, 2025

_____
Nancy J. Koppe
United States Magistrate Judge

---

[11] The other arguments made do not show that recusal is warranted. The contention that the undersigned only admonished one side, *see* Docket No. 324 at 4 n.2, does not establish a basis for recusal, *see, e.g.*, *Ademiluyi v. Phillips*, Case No. 2:14-cv-00507-MMD-CWH, 2014 WL 7330917, at *3 n.2 (D. Nev. Dec. 19, 2014). No legal authority is presented that a judge must recuse for expressing concerns on the basis that those concerns have not been shared by the movant. *See* Docket No. 324 at 16 (asserting that the undersigned "ignor[ed]" the fact that the Government previously indicated that it did not share the identified concerns).

[12] Lastly, the Court notes that the motion includes inflammatory rhetoric and accusations, like suggesting that the undersigned issued the subject order "with the object of creating unnecessary apprehension in order to deter lawful law enforcement conduct." Docket No. 324 at 3. Such accusations are baseless.