UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

United States of America,

        Plaintiff

v.

Paulina Hernandez,

        Defendant

Case No. 2:23-cr-00113-CDS-NJK-4

Order Overruling Objection to
the Order Denying Untimely Motion to
Strike or Vacate and Motion to Recuse,
Affirming the Order Denying the Untimely
Motion, and Directing Amendment of the
Order Granting the Return of Property

[ECF No. 205, 335, 337]

    Pending before the court is the government's objection to U.S. Magistrate Judge Nancy J. Koppe's decision denying its motion to strike or vacate (ECF No. 324) a January 22, 2025 order (ECF No. 205), granting a motion for return of property, which included an admonishment directed at the assigned Assistant United States Attorney. Obj., ECF No. 337; Order, ECF No. 335. For the reasons set forth herein, the objection is overruled.

I. **Background**

    On December 23, 2024, counsel for defendant Paulina Hernandez filed a motion for return of property, seeking return of the defendant's cellphone. *See* Mot. to. ret. prop., ECF No. 197. Any response to that motion was due on or before January 6, 2025. *Id.*; *see also* Local Criminal Rule (LCR) 12-1(a)(2) ("Responses to pretrial motions and notices must be filed and served within 14 days from the date of service of the motion."). However, the parties stipulated to an extension of time to respond to the motion, so the response deadline was extended to January 17, 2025. Order, ECF No. 199. Despite the extension, the government failed to respond by January 17, 2025.

    In turn, on January 21, 2025, Judge Koppe issued an order directing the government to file a response on or before January 22, 2025. Order, ECF No. 203. The government complied and filed a response the same day that the order was issued. Resp., ECF No. 204. Therein, the

1 | government advised that it had put defense counsel in contact with the DEA case agent "to
2 | facilitate return of the property" and that "[u]pon information and belief, the defendant's
3 | cellphone is available for pickup from [the DEA office]." *Id.* at 1–2 (cleaned up).

4 | On that same date, the magistrate judge filed an order granting the motion for return of
5 | property. Order, ECF No. 205. Therein, the judge found that the government's untimely
6 | response failed to cite any points and authorities—thus consenting to the motion being
7 | granted—that the defendant had been trying to get her cellphone back for over a year but was
8 | denied access to the phone based on representations the government would be searching it
9 | pursuant to a warrant that was never obtained, and that the assigned Assistant United States
10 | Attorney's (AUSA) "lackadaisical attitude toward the return of property" was troubling,
11 | unreasonable, and contradictory to a prosecutor's obligations to do justice. *See id.* Accentuating
12 | Judge Koppe's concern was the fact that the same AUSA had failed to return property in a
13 | timely fashion in a separate criminal case, and to excuse the delay was also the unavailability of
14 | the DEA case agent in that case. *Id.* at 3 n.1 (referencing *United States v. Alejo-Hernandez*, 2:22-cr-
15 | 00106-APG-NJK, ECF No. 61 at 3 n.3). Because she found that the AUSA failed to comply with
16 | his prosecutorial obligations, Judge Koppe admonished the AUSA in her order granting the
17 | motion to return Hernandez's cellphone by 10:00 am on January 23, 2025. *Id.* at 4. The AUSA
18 | timely complied and filed a notice of compliance just after 5:00 p.m. on January 22, 2025. The
19 | government did not file an objection, a motion for reconsideration, or seek any other form of
20 | relief from the order admonishing the AUSA and directing return of the cellphone.

21 | Then, almost a year later, on November 19, 2025, the government filed a motion to strike
22 | or vacate the order granting the return of property. Mot. to strike, ECF No. 324. That motion
23 | also included a motion for Judge Koppe to recuse herself from all matters involving the AUSA
24 | she admonished. *See id.* On December 19, 2025, Judge Koppe denied the motion to strike or
25 | vacate and the motion to recuse. Order, ECF No. 335. In the order denying the motion, Judge
26 | Koppe found that the motion to strike or vacate was untimely either as an objection to the

motion or as one for reconsideration. *Id.* at 1–5. In denying the motion to recuse, Judge Koppe found the motion was untimely, and it failed to identify extrajudicial source to support that recusal is appropriate. *Id.* at 7–10. The government filed an objection to the order. ECF No. 337.

II.     **Legal standard**

When reviewing the order of a magistrate judge, the order should be set aside only if the order is clearly erroneous or contrary to law. LR IB 3-1(a); 28 U.S.C. § 636(b)(1)(A); *Laxalt v. McClatchy*, 602 F. Supp. 214, 216 (D. Nev. 1985). A magistrate judge's order is "clearly erroneous" if the court has "a definite and firm conviction that a mistake has been committed." *See United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). "[R]eview under the 'clearly erroneous' standard is significantly deferential." *Concrete Pipe & Prods. v. Constr. Laborers Pension Trust*, 508 U.S. 602, 623 (1993). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *United States v. Desage*, 229 F. Supp 3d 1209 (D. Nev. 2017) (quotation omitted).

Section 636(b)(1)(A) states that a judge may reconsider any pretrial matter upon a showing that the magistrate judge's order is clearly erroneous or contrary to law. Magistrate judges are given broad discretion and should not be overruled absent a showing of clear abuse of discretion. *Anderson v. Equifax Info. Servs., LLC*, 2007 WL 2412249, at *1 (D. Or. Aug. 20, 2007). As such, "[t]he reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (citing *United States v. BNS, Inc.*, 858 F.2d 456, 464 (9th Cir. 1988)).

II.     **Discussion**

**A. The government's objection to the motion to strike or vacate is overruled.**

This case exemplifies why timeliness is always of the essence. Here, the consequences of the government's untimeliness have produced multiple negative outcomes. Unfortunately, untimeliness yet again works against the government. Whether applying the timeline for filing

objections to a pre-trial order issued by a magistrate judge or for reconsideration, Judge Koppe correctly determined that the government's motion to strike or vacate was untimely.

In this district, "[l]itigants who contend that a magistrate judge erred in an order may (1) file objections seeking district judge review or (2) file a motion for the magistrate judge herself to reconsider the order." Order denying mot., ECF No. 335 at 2 (citing Local Rule IB 3-1(a); LR 59-1(a)). Objections must be filed within 14 days. LR IB 3-1(a). Here, the government filed its motion to strike or vacate 300 days after the judge granted the motion for return of property.

I also agree with Judge Koppe's determination that this motion to strike or vacate is essentially a motion for reconsideration and, when considered as such, it is untimely.[1] Motions for reconsideration must be filed within a reasonable time. *See* LR 59-1(c). Indeed, "[n]o precise 'rule' governs the district court's inherent power to grant or deny a motion to reconsider a prior ruling in a criminal proceeding." *United States v. Lopez-Cruz*, 730 F.3d 803, 811 (9th Cir. 2013). But courts are permitted to consider when the alleged material difference in law or fact or failure to consider material facts became apparent. *See David Sams Indus., Inc. v. Verisign, Inc.*, 2006 WL 5105218, at *1 (C.D. Cal. Dec. 20, 2006).

Judge Koppe correctly determined the motion to strike or vacate is untimely. This court can find no case, nor did government cite any authority, that could support an argument that a delay of 300 days is reasonable. Indeed, courts routinely find that delays of two to four months are unreasonable. *See Hendrix v. Progressive Direct Ins. Co.*, 2025 U.S. Dist. LEXIS 134238, at *5 (D. Nev. July 14, 2025) ("Defendant's delay of over four and a half months in moving for reconsideration was unreasonable, and Defendant has provided no justification for said delay,

---

[1] Unlike the Federal Rules of Civil Procedure, the Federal Rules of Criminal Procedure do not expressly authorize the filing of motions for reconsideration, "numerous circuit courts have held that motions for reconsideration may be filed in criminal cases." *United States v. Hector*, 368 F. Supp. 2d 1060, 1063 (C.D. Cal. 2005), *rev'd* 474 F.3d 1150 (9th Cir. 2007); *see also United States v. Vasquez*, 2014 WL 2548638, at *1 (E.D. Cal. June 5, 2014) ("In assessing motions for reconsideration in criminal cases, some courts have relied on the standard that governs motions for reconsideration under Federal Rule of Civil Procedure 59.").

4

demonstrating a lack of diligence."); *Mattel, Inc. v. MGA Ent., Inc.*, 782 F. Supp. 2d 911, 960 (C.D. Cal. 2011) ("GA's request for reconsideration of the two-month old order granting Mattel's motion to confirm is denied as untimely"); *Horizon Outdoor, LLC v. City of Indus.*, 2003 WL 25576576, *2 n.1 (C.D. Cal. Nov. 4, 2003) (stating in dicta that "a motion for reconsideration filed more than two months after the dismissal of the case is clearly untimely").

Further, the government fails to show a material difference in law or fact between January 2025 and the filing of their motion to show reconsideration is warranted. Instead, the government relies on the Federal Magistrate Act to argue that the admonishment was ultra vires, so Judge Koppe lacked subject matter jurisdiction to issue the admonishment, so their motion was not subject to any timing constraints.[2] *See* ECF No. 324 at 8–12. The Act, which "governs the jurisdiction and authority of federal magistrate judges" *Parsons v. Ryan*, 912 F.3d 486, 495 (9th Cir. 2018), was enacted in 1979. *See* 28 U.S.C. §§ 631–39. The Act has been amended on several occasions to broaden the scope of power that magistrate judges may exercise. *See Gomez v. United States*, 490 U.S. 858, 865–71 (1989) (outlining the Act's evolution).

Relevant here, the Act also contains a catch-all provision that provides that "[a] magistrate may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States." 28 U.S.C. § 636(b)(3). Section 636(b)(3) contains no textual limitation to "pretrial" matters, *JW Gaming Dev., LLC v. James*, 544 F. Supp. 3d 903, 925 (N.D. Cal. 2021). Unlike § 636(b)(1), jurisdiction under § 636(c)(1) gives the magistrate judge's ruling "the same effect as if it had been made by a district judge." *Robert Ito Farm, Inc. v. Cnty. of Maui*, 842 F.3d 681, 685 (9th Cir. 2016). The Local Rules proscribe that magistrate judges are "authorized to . . .

---

[2] As Judge Koppe correctly recognized, the case law regarding the timing to challenge a magistrate judge order based on jurisdiction is "murky." *See* ECF No. 324 at 4n. 4 (comparing authority). Assuming arguendo that the order was ultra vires—which I do not find here—it was ultra vires back in January of 2025, thus further underscoring why the government should have brought a timely objection. But the Supreme Court has long held that magistrate judges can handle a number of criminal pretrial matters, including arrest warrants, search warrants, bail hearings, preliminary examinations, removal hearings, post-indictment arraignments, pretrial conferences, and important here—pretrial motions. *Gomez v. United States*, 490 U.S. 858 (1989).

5

[p]erform any additional duty not inconsistent with the Constitution and laws of the United States." LR IB 1-7(u). The catch-all provision of 28 U.S.C. § 636 and LR IB 1-7 existed in January of 2025, yet this motion was not filed for months.

The government does not provide any authority to support its contention that a magistrate judge cannot admonish an AUSA.[3] Instead, it relies on authority that explicitly precludes magistrate judges from issuing contempt findings, cites authority regarding due process protections for attorneys sanctioned under Fed. R. Civ. P. 11, argues the admonishment is a sanction, and accuses—without support—the magistrate judge of causing the order to be published on Westlaw. There is no disagreement: a magistrate judge cannot conduct a contempt hearing. *See BMO Bank N.A. v. Perfect Trucklines Inc.*, 2025 WL 2979289, at *1 (E.D. Cal. Oct. 22, 2025). And when issuing sanctions under Rule 11, an attorney or firm is entitled to notice and an opportunity to be heard. *See Tom Growney Equip., Inc. v. Shelley Irr. Dev., Inc.*, 834 F.2d 833 (9th Cir. 1987). But here, the AUSA was only admonished, not held in contempt nor subjected to Rule 11 sanctions.

Ultimately, to the extent the government felt that Judge Koppe exceeded her authority, the government should have appealed within two weeks of January 23, 2025, so that I could conduct a timely de novo review. But it failed to do so. This court will not simply overlook the local rule requiring objections or appeals to orders or findings and recommendations by a magistrate judge within two weeks, and certainly will not do so without the meeting of the reconsideration standard. As the Seventh Circuit aptly stated, "Local rules are not 'mere formalit[ies],' a failure to follow them can be fatal to one's claim." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 924 (7th Cir. 1994). There is no explanation nor logical reason as to why the government waited 300 days to bring this motion, but its decision to do so is fatal to its motion. Thus, the government has failed to demonstrate that Judge Koppe's order finding that its motion

---

[3] The government recognizes case law authorizes magistrate judges to sanction attorneys in some circumstances. *See* ECF No. 337 at (citing cases addressing Fed. R. Civ. P. 11 and Rule 37).

to strike or vacate was untimely was clearly erroneous or contrary to the law, so its objection is overruled.

Candidly, this court is perplexed as to why the government did not seek any sort of relief earlier and why the efforts to return the phone were not made known to the magistrate judge around the time the order was issued.[4] The court is further confused as to why the government seeks to strike or vacate the *entire* order resolving the motion for return of property. In reality, the motion to strike or vacate comes down to identification of the AUSA in the order granting the motion for return of property. The order properly resolved a pending pre-trial motion, and there is nothing improper with a judge recounting facts and procedural history related to a pending motion. Stated otherwise, there is no basis to vacate or strike the entire order. Nonetheless, district courts have "inherent jurisdiction to modify, alter, or revoke" a non-final order in a criminal case. *See United States v. Martin*, 226 F.3d 1042, 1048–49 (9th Cir. 2000). I hereby invoke my inherent authority and order that the January 22, 2025 order (ECF No. 205) be amended to remove the assigned AUSA's name.[5]

**B.   The objection to the motion to recuse is overruled.**

The government contends that the magistrate judge erred in denying its request for her to recuse herself. *See* ECF No. 337 at 9–11. As a threshold matter, like the underlying motion, the government fails to cite any legal authority to support its objection to Judge Koppe denying its motion to recuse.[6] Thus, the objection is overruled because the government fails to meet its

---

[4] This is particularly true given the magistrate judge had a similar issue with the same AUSA in a different case. Certainly, missing deadlines happen, and this court is empathetic to that reality. Based on the limited information before the court, the similarities were uncanny. So, filing a timely response to a motion, or alternatively, timely informing the magistrate judge of circumstances surrounding its efforts to return the cellphone, would have undoubtedly produced a different outcome.

[5] To that end, the government may file a notice of corrected image to remove the AUSA's name it included in its objection and motion.

[6] The lack of points and authority is important in resolving a motion to recuse because there are two applicable statutes: 28 U.S.C. §§ 144 and 455. While the standard under both statutes is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned," *U.S. v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986), § 144 has additional requirements that were not satisfied in the government's underlying motion. Accordingly, Judge Koppe properly evaluated the government's motion under § 455, and I do the same here. *See* ECF No. 335 at 8 n.7.

burden showing the order is contrary to the law. *See Jadwin v. Cnty. of Kern*, 767 F. Supp. 2d 1069, 1110–11 (E.D. Cal. 2011) ("An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." (citations omitted)).

The government fails to meet its burden showing the order is contrary to the law. First, Judge Koppe correctly determined the motion is untimely. *See Preston v. United States*, 923 F.2d 731, 733 (9th Cir. 1991) (A recusal motion under § 455 must be filed "with reasonable promptness after the ground for such a motion is ascertained"). Again, 300 days is simply not reasonable. Further, the government's arguments in support of recusal only involve "opinions formed during judicial proceedings and expressed in written orders," ECF No. 334 at 7–8, which are not a basis for recusal. Indeed, "Section 455(a) is limited by the 'extrajudicial source' factor which generally requires as the basis for recusal something other than rulings, opinions formed[,] or statements made by the judge during the course of [proceedings]." *United States v. Holland*, 519 F.3d 909, 913–14 (9th Cir. 2008). The standard does not mandate recusal upon the mere "unsubstantiated suspicion of personal bias or prejudice." *Id.* (citation omitted). Expressing frustration over an AUSA's failure to return property on two occasions[7] is insufficient to meet the high burden showing the judge is biased. *See Torres v. Chrysler Fin. Co.*, 2007 WL 3165665, at *1 (N.D. Cal. Oct. 25, 2007) ("Since a federal judge is presumed to be impartial, the party seeking disqualification bears a substantial burden to show that the judge is biased." (citing *Reiffin v. Microsoft Corp.*, 158 F. Supp. 2d 1016, 1021–22 (N.D. Cal. 2001))).

### III.   Conclusion

IT IS HEREBY ORDERED that the government's objection to Judge Koppe's order denying the motion to strike or vacate and the motion to recuse **[ECF No. 337] is OVERRULED**. The January 22, 2025 order **[ECF No. 335] is affirmed as set forth in this order**.

---

[7] The similarities between the two cases were uncanny which further accentuates why it should have addressed the issue with the magistrate judge, or objected to the order, in a timely fashion.

1       IT IS FURTHER ORDERED that the order granting the return of property [ECF No. 205] be amended to remove the AUSA's name.

      If the government seeks to file corrected images of its motion [ECF No. 324] and objection [ECF No. 337], it must do so by no later than January 16, 2026.

      Dated: January 11, 2026

_____
Cristina D. Silva
United States District Judge